Norma Irene Barrios **FLORES;** Sergio Victorino Veliz Barrios; Alma Jacqueline Rodas Barrios, **Petitioners,**

v.

Alberto R. **GONZALES,** Attorney General, **Respondent.**

No. 05–72206.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Norma Irene Barrios Flores, Bakersfield, CA, pro se.

Sergio Victorino Veliz Barrios, Bakersfield, CA, pro se.

Alma Jacqueline Rodas Barrios, Bakersfield, CA, pro se.

CAC–District Counsel, ESQ., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, S. Nicole Nardone, ESQ., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Norma Irene Barrios Flores and two of her children, natives and citizens of Gua-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

temala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over Barrios Flores's contentions regarding asylum because she did not challenge before the BIA the IJ's finding that she had failed to establish a nexus to a protected ground, and thereby failed to exhaust her administrative remedies regarding this dispositive issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency); *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (eligibility for asylum requires an alien to demonstrate persecution on account of one of the statutorily protected grounds).

Because Barrios Flores failed to raise before the BIA her withholding of removal and CAT claims, we lack jurisdiction to review the denial of those claims as well. *See Barron*, 358 F.3d at 678.

We lack jurisdiction, under statute, to review the IJ's determination that Barrios Flores was not eligible for NACARA relief because she failed to establish that she timely registered for ABC benefits. *See*

§ 309(c)(5)(C)(ii) of IIRIRA. To the extent Barrios Flores argues that she was denied due process with respect to the adjudication of her NACARA claim, this contention is without merit because the record does not demonstrate that the proceedings were "so fundamentally unfair that she was prevented from reasonably presenting her case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**